JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2937 JGB (SPx)** | Date | January 21, 2026 |
|---|---|---|---|
| Title | ***Daniel Marquez v. Republic National Distributing Company, LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 15); (2) GRANTING Plaintiff's Motion to Remand (Dkt. No. 12); and (3) VACATING the January 26, 2026, Hearing (IN CHAMBERS)**

Before the Court are Defendant's Motion to Dismiss ("MTD," Dkt. No. 15) and Plaintiff's Motion to Remand ("MTR," Dkt. No. 12). The Court determines these matters are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the MTD and MTR, the Court **GRANTS** Defendant's MTD and **GRANTS** Plaintiff's MTR. The January 26, 2026, hearing is **VACATED**.

## I.   BACKGROUND

On September 25, 2025, Plaintiff Daniel Marquez ("Marquez" or "Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants Republic National Distributing Company, LLC; Young's Market Company, LLC; Russell Mangal; and Does 1-10. ("Complaint," Dkt. No. 1-1, Ex. A.) The Complaint alleges twelve causes of action: (1) associational discrimination, Cal. Gov't Code § 12940(a); (2) retaliation for exercising CFRA rights, Cal. Gov't Code § 12945.2; (3) retaliation for protected activity, Cal. Gov't Code § 12940(h); (4) wrongful termination in violation of public policy; (5) retaliation for exercising labor code rights, Cal. Labor Code § 98.6; (6) retaliation for exercising kin-care leave rights, Cal. Labor Code § 233; (7) failure to timely pay final wages at separation, Cal. Labor Code §§ 201-203; (8) failure to provide accurate itemized wage statements, Cal. Labor Code § 226; (9) failure to maintain required payroll and employment records; (10) failure to provide employment records upon request, Cal. Labor Code §§ 226, 1198.5; (11) personal

liability for wage violations, Cal. Labor Code § 558.1; and (12) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, et seq.  (See Complaint.)  On November 3, 2025, Defendants removed the case to this Court.  ("Notice of Removal," Dkt. No. 1.)

On December 4, 2025, Plaintiff filed his MTR.  (MTR.)  On December 10, 2025, Defendants filed their MTD.  (MTD.)  On December 15, 2025, Defendants filed their opposition to Plaintiff's MTR.  ("MTR Opp'n," Dkt. No. 17.)  Plaintiff never filed an opposition to Defendant's MTD, nor a reply to Defendant's MTR Opp'n.  (See dkt.)

## II.    FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion.  See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

On April 9, 2007, Plaintiff began his employment as a "Cross Class" employee at Defendants' Chino, CA, facility.  (Compl. ¶ 12.)  In July 2025, Plaintiff's father was suffering from a terminal illness requiring hospice care.  (Id. ¶ 14.)  On July 17, 2025, Plaintiff texted his direct supervisor stating that he needed to take protected leave the following day to care for his father.  (Id.)  Plaintiff's supervisor approved the leave request with a thumbs up response.  (Id. ¶ 15.)  On July 18, 2025, a manager contacted Plaintiff and informed him that he was suspended pending an investigation.  (Id.)  On August 8, 2025, Defendant Mangal terminated Plaintiff's employment while he was at the hospital with his father.  (Id. ¶ 16.)  Defendant Mangal told Plaintiff that his termination was for violating the Collective Bargaining Agreement by participating in an "organized call out."  (Id.)  Defendant considers this reasoning pretextual, and believes it was because of his union involvement.  (Id. ¶¶ 16-17.)

Upon terminating Plaintiff, Defendants willfully failed to pay Plaintiff all earned wages, including accrued vacation pay, on his last day of employment.  (Id. ¶ 18.)  Defendants subsequently failed to abide by other California Labor Code requirements for provision of wage statements and employment records.  (Id. ¶¶ 19-21.)

## III.   LEGAL STANDARD

### A.  Motion to Dismiss

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving

---

party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S.
Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th
Cir. 1994).  Courts are not required, however, "to accept as true allegations that are merely
conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec.
Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the
complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to
relief that is plausible on its face."  Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "The
plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely
consistent with' a defendant's liability, it stops short of the line between possibility and
plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at
556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing party to defend itself effectively,"
and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to
relief, such that it is not unfair to require the opposing party to be subjected to the expense of
discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.  Motion to Remand**

Federal courts have limited jurisdiction, "possessing only that power authorized by
Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts
have original jurisdiction only over civil actions in which a federal question exists or in which
there is complete diversity of citizenship between the parties and the amount in controversy
exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each
defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp.
Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v.
Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Where it is not facially evident from
the complaint that more than $75,000 is in controversy, the removing party must prove, by a
preponderance of the evidence, that the amount in controversy meets the jurisdictional
threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).
Because the Ninth Circuit "strictly construe[s] the removal statute against removal
jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of
removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Doubts
as to removability must [therefore] be resolved in favor of remanding the case to state court."
Matheson, 319 F.3d at 1090.

## IV.  DISCUSSION

### A.  Motion to Dismiss

The Court first addresses Defendants' MTD, because the outcome of that motion is ultimately dispositive of Plaintiff's MTR.  Defendant's MTD contends that Claims Four, Five, and Six of Plaintiff's Complaint are preempted under the National Labor Relations Act ("NLRA") and therefore must be dismissed.  (MTD at 1.)

Plaintiff's opposition was due 21 days before the hearing on the MTD, but Plaintiff failed to file an opposition or notice of non-opposition as required by Local Rule 7-9.  "[A]rguments to which no response is supplied are deemed conceded."  Caravan Canopy Intl, Inc. v. Home Depot U.S.A. Inc., 2021 WL 831028, at *3 (C.D. Cal. Feb. 25, 2021).

Because Plaintiff failed to file an opposition to Defendant's MTD, the arguments within it are deemed conceded.  As such, the Court **GRANTS** Defendant's MTD and **DISMISSES** Claims Four, Five, and Six.

### B.  Motion to Remand

Plaintiff's MTR is premised on the argument that there is no subject matter jurisdiction over the Complaint in this Court.  (See Mot.)  Defendants, in their MTR Opp'n, argue that certain claims in Plaintiff's Complaint raise issues that fall under the "complete preemption" doctrine, thereby raising federal questions permitting removal to this Court.  (See MTR Opp'n.)  Specifically, Defendants argue that the NLRA and section 301 of the Labor Management Relations Act ("LMRA") preempt state and local laws in relation to labor relations.  (MTR Opp'n at 1-2.)  Thus, Defendants argue, even though Plaintiff's claims are pled under state law, those that concern labor relations are preempted such that they actually present federal questions.  (Id.)  Defendant's MTD identified the specific claims that raise preemption issues under the NLRA: Claims Four, Five, and Six.  (See MTD.)  Because the Court dismissed those claims in granting the MTD, the remaining claims in Plaintiff's Complaint raise only state law issues.

Because Defendant's removal was on the basis of federal question jurisdiction and the federal claims have been dismissed, there is no longer any basis for federal jurisdiction.  As such, the Court **GRANTS** Plaintiff's MTR and **REMANDS** the remaining causes of action in the Complaint to state court.

## V.    CONCLUSION

For the foregoing, the Court **GRANTS** Defendant's MTD and **GRANTS** Plaintiff's MTR.  The Court **REMANDS** the case to the San Bernardino Superior Court.  The Clerk is directed to close the case.  The January 26, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**